IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LONG NGUYEN THANG BUI, A#210210577, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-2740 |
| JEFF SESSIONS, Attorney General of the United States, et al., | § § § § | |
| Respondents. | § § | |

## **MEMORANDUM AND ORDER**

The petitioner, Long Nguyen Thang Bui (A #210210577), seeks a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his continued detention by officials with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). The respondents have filed a motion to dismiss the petition under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [Doc. # 12], and a supplemental motion to dismiss [Doc. # 15], arguing that the petitioner is not entitled to relief. The petitioner has filed a response along with a cross-motion for summary judgment [Docs. # 14, #16]. Because the respondents included exhibits and other materials outside of the pleadings, the Court converted the motions to dismiss to motions for summary judgment and gave both parties time to supplement the record [Doc. # 19]. After considering all of the pleadings, the

motions, the exhibits, and the applicable law, the Court concludes that the respondents are entitled to summary judgment and dismisses this case for reasons that follow.

I. **BACKGROUND**

The petitioner is a native and citizen of Vietnam.[1] He was taken into custody by ICE on December 3, 2014, and an immigration judge entered an order of removal against him on January 30, 2015, following the petitioner's conviction for a felony offense.[2] The petitioner was placed on supervised release until March 9, 2017, when his supervised release was revoked.[3] He has remained in ICE custody since that time.

On September 11, 2017, the petitioner filed the pending federal habeas corpus petition, arguing that he is entitled to release from custody under 28 U.S.C. § 2241 on the grounds that his removal was not imminently foreseeable because the Vietnamese Embassy had yet to issue the necessary travel documents.[4] The petitioner relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001), which requires an immigration detainee's

---

[1] Petition [Doc. # 1], at 2.

[2] Exhibit to Petition, Decision to Continue Detention [Doc. # 1], at 8. Documentation provided by the petitioner shows that he was convicted following his guilty plea to felony charges of possession of marijuana in Cause No. 138507701010 and sentenced on November 5, 2014, to ten years' imprisonment, probated for four years of community supervision, by the 179th District Court for Harris County, Texas. *See* Petitioner's Exhibit No. 1, Conditions of Community Supervision [Doc. # 14], at 10-11.

[3] Petition [Doc. # 1], at 3.

[4] *Id.*

2

release under certain circumstances, after the expiration of a presumptively reasonable six-month period of detention, where there is no prospect of removal in the foreseeable future.

The respondents have provided evidence showing that the Vietnamese Embassy issued travel documents for the petitioner shortly after he filed his petition, and that his removal from the United States is scheduled for March 29, 2018.[5] Because the petitioner's removal is imminent, the respondents maintain that his continued detention is not unreasonable and that the petition must be dismissed.

## II. STANDARD OF REVIEW

The respondents' motions to dismiss were converted pursuant to Rule 12(d) of the Federal Rules of Civil Procedure to motions for summary judgment governed by Rule 56. Under Rule 56, a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if

---

[5] Respondents' Exhibit 3, Sworn Declaration of Andrew Bless [Doc. # 13], at 3; Respondents' Exhibit 4, Airline Reservations for March 29, 2018 [Doc. # 15-2], at 1-2.

the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.*

If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-movant to provide "specific facts showing the existence of a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A reviewing court "must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment[.]" *Smith v. Regional Trans. Auth.*, 827 F.3d 412, 417 (5th Cir. 2016). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence).

## III. DISCUSSION

Once a removal order becomes final, the Attorney General typically has ninety days to effect an alien's departure from the United States. 8 U.S.C. § 1231(a)(1); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Aliens may be detained during the removal period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not promptly removed within the removal period, then he or she may be eligible for supervised release until removal can be accomplished. *See id*. at § 1231(a)(3).

In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that the Constitution does not permit indefinite detention lasting beyond six months past the ninety-day removal period. After the expiration of six months, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* The alien bears the burden of proof in showing that no such likelihood of removal exists. *Id.* Once this has been shown, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." *Id.* Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in *Zadvydas*. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

The respondents present a declaration from ICE Deportation Officer Andrew Bless, who regularly handles the removal of aliens who are citizens of Vietnam.[6] Bless reports that the Vietnamese Embassy has issued travel documents which authorize the petitioner's removal from the United States to Vietnam.[7] The petitioner is scheduled to be removed pursuant to those travel documents on March 29, 2018.[8] This uncontested evidence demonstrates that the petitioner's removal is imminent.

To prevail under *Zadvydas*, a detainee must not only show that he has been detained beyond the removal period by six months, he must also present *proof* that there is no significant likelihood of removal in the foreseeable future. Here, it is evident that ICE officials have taken the necessary actions to effect the petitioner's removal. The petitioner does not show that there is any impediment to his imminent removal. Under these circumstances, the petitioner fails to raise a genuine issue of material fact or demonstrate that his continued detention violates the Constitution. *See Andrade*, 459 F.3d at 543-44 (stating that conclusory statements are insufficient to meet an alien's burden of proof under *Zadvydas* or to demonstrate a constitutional violation in connection with his continued detention). Accordingly, the petition will

---

[6] Respondents' Exhibit 3, Sworn Declaration of Andrew Bless [Doc. # 13], at 2.

[7] *Id.* at 3.

[8] Respondents' Supplemental Motion to Dismiss [Doc. # 15], at 2 (referencing Respondent's Exhibit 4, Airline Reservations for March 29, 2018 [Doc. # 15-2], at 1-2).

be denied and this case will be dismissed. The petitioner is advised that he may move for reconsideration if he has not been removed within 28 days of the date of this order.

## IV. **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss [Doc. # 12] and supplemental motion to dismiss [Doc. # 15], which were converted to motions for summary judgment [Doc. # 19], are **GRANTED**.

2. The cross- motion for summary judgment filed by the petitioner, Long Nguyen Bui [Doc. # 16], is **DENIED**.

3. The habeas corpus petition [Doc. # 1] is **DENIED** and this case is **DISMISSED** with prejudice.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on March 29, 2018.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE